IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03133-CMA-NYW

BRYAN WILSON,
JULIE WILSON,

    Plaintiffs,

v.

ECONOMY SERVICES, LLC,

    Defendant,

v.

COLONY INSURANCE COMPANY,

    Garnishee.

---

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE NINA Y. WANG**

---

This matter is before the Court on the January 22, 2020 Amended Order and Recommendation of United States Magistrate Judge (Doc. # 19) ("the Recommendation"), wherein Magistrate Judge Nina Y. Wang recommends that this Court remand the instant case *sua sponte* to the District Court for the City and County of Denver, Colorado ("Denver District Court") for want of federal subject matter jurisdiction and failure to defend this matter under D.C.COLO.LCivR 41.1. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

The instant case stems for a construction defect action Plaintiffs initiated against TRC Residential, LLC ("TRC"), a nonparty to this case. *See* (Doc. # 1-2 at 2). Defendant Economy Services, LLC ("Economy") served as a subcontractor to TRC for Plaintiffs' construction project. Economy is insured by Colony Insurance Company ("Colony") pursuant to an insurance contract. *See* (Doc. ## 1 at ¶ 4, 1-3).

In an arbitration action between Plaintiffs and TRC, TRC filed a Third-Party Complaint against Economy, which alleged that Economy was liable for Plaintiffs' damages. *See* (Doc. ## 1-1, 1-2 at 2–3). Economy did not answer or respond to the Third-Party Complaint, and the arbitrator entered default judgment against Economy. *See* (Doc. # ## 1-2 at 3; 1-8 at 2, 4). Subsequently, the Denver District Court, in relevant part, affirmed the arbitrator's award of damages against Economy and awarded Plaintiffs attorneys' fees and costs against Economy. *See* (Doc. ## 1-8, 1-11–1-13, 1-15). The Denver District Court entered judgment against Economy in the total amount of $88,127.09.

Plaintiffs filed a writ of garnishment ("the writ") against Colony in the amount of $88,598.49 in the Denver District Court on August 29, 2019. *See* (Doc. # 104). The Denver District Court issued the writ, *see* (Doc. # 1-21), Plaintiffs served Colony with the writ, *see* (Doc. # 1-22), and Colony filed its Answer to the writ, *see* (Doc. ## 1-5 at 2–3, 1-23). Then, on October 29, 2019, Colony filed a Motion to Intervene in Plaintiffs' suit against Economy in the Denver District Court, *see* (Doc. ## 1 at ¶ 11, #1-34), which the Denver District Court granted on November 1, 2019, *see* (Doc. # 1-6). On November 4,

2019, Colony filed a Notice of Removal with this Court within which it removed the writ **and related proceedings** from the Denver District Court on the basis of diversity jurisdiction. *See* (Doc. #1).

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### B. D.C.COLO.LCivR 41.1

Local Rule of Civil Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice for failure to prosecute or defend, "a district court may, without abusing its discretion, enter such an order without attention to any

3

particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

C.  **SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). One basis of federal subject matter jurisdiction extends to controversies involving citizens of different states and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "each defendant must be diverse from each plaintiff." *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019).

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). A court should not proceed without having first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

III.  <u>**DISCUSSION**</u>

Magistrate Judge Wang raised the issue of complete diversity between the parties *sua sponte* upon review of the Notice of Removal and related documents. *See Citizens Concerned for Separation of Church & State,* 628 F.2d at 1297 ("A federal

4

court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so."). Magistrate Judge Wang found that complete diversity between all relevant parties may not exist in the instant case because Defendant Colony removed the underlying action between **Plaintiffs and Defendant Economy** to this Court and Colony's Notice of Removal contains no allegations as to Economy's citizenship.

In order to establish if complete diversity does exist between the parties, Magistrate Judge Wang issued an order to show cause returnable by Colony as to why this Court should not dismiss the instant action for want of federal subject matter jurisdiction. *See generally* (Doc. # 14). In her Order to Show Cause and Setting Consent Deadline ("Order to Show Cause"), Magistrate Judge Wang stated that "without knowing the citizenship of Economy, assuming it is still a party to this matter" and "given Colony's removal of the underlying suit between the Wilsons and Economy following its intervention in that suit," this Court could not ascertain whether complete diversity exists among the parties. (*Id*. at 5–6.) Magistrate Judge Wang ordered, in relevant part, that:

> Colony shall SHOW CAUSE in writing why this court should not dismiss and/or recommend dismissal of this action for want of federal subject matter jurisdiction on or before January 9, 2020. Failure to respond to this Order to Show Cause may result in this court dismissing and/or recommending dismissal of this matter[.]

(*Id*. at 6.) To date, Colony has not responded to Magistrate Judge Wang's Order to Show Cause.

In her Recommendation, Magistrate Judge Wang concluded that remand to the Denver District Court is appropriate for failure to defend this matter under D.C.COLO.LCivR 41.1, s*ee Reed*, 312 F.3d at 1195, and for want of federal subject

matter jurisdiction, given the Court's inability to "ascertain whether complete diversity exists among all the potential Parties to this action." (Doc. # 19 at 6–7) (emphasis omitted).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 19 at 6–7.) Despite this advisement, no objection to Magistrate Judge Wang's Recommendation has been filed by any party.

The Court agrees with Magistrate Judge Wang's conclusion that Colony, whose burden it is to establish diversity jurisdiction over the instant case, *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004), has not established complete diversity between the parties. Because Colony removed the instant case to this Court on the basis of diversity jurisdiction alone and complete diversity has not been established, the Court may not proceed. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). As such, the Court must remand the action to state court. Further, the Court also agrees with Magistrate Judge Wang's conclusion that Colony has failed to defend the instant action by failing to respond to the Order to Show Cause and that remanding this action is appropriate under D.C.COLO.LCivR 41.1 on that basis as well.

## IV. <u>CONCLUSION</u>

After reviewing the Recommendation of Magistrate Judge Wang, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R.

Civ. P. 72(a). Accordingly, the Court ORDERS that the Amended Order and Recommendation of United States Magistrate Judge (Doc. # 19) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that this civil action is REMANDED to the District Court for the City and County of Denver, Colorado for want of federal subject matter jurisdiction and for failure to defend pursuant to D.C.COLO.LCivR 41.1.

DATED: February 11, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge